---

CINCINNATI, N. O. & T. P. RY. CO. v. BOSWORTH et al.

(District Court, E. D. Kentucky. December 20, 1913.)

In Equity. Suit by the Cincinnati, New Orleans & Texas Pacific Railway Company against H. M. Bosworth and others, individually and as constituting the Board of Valuation and Assessment of the State of Kentucky, and others. On motion for preliminary injunction and demurrer to the bill. Demurrer overruled, and injunction granted on condition.

John Galvin and Murray Hubbard, both of Cincinnati, Ohio, for plaintiff.

James Garnett, Atty. Gen., and M. M. Logan, Chas. H. Morris, O. S. Hogan, and D. O. Myatt, Asst. Attys. Gen., of Kentucky, and John L. Rich, of Covington, Ky., for defendants.

COCHRAN, District Judge. This cause is before me on motion for a preliminary injunction and demurrer to the bill. It is similar in character to that of the Louisville & Nashville Railroad Company against the same defendants (209 Fed. 380), in which I have heretofore handed down an opinion, though it does not present all the questions involved therein.

There is a radical difference between the two cases in this: That in that case the board took the position that the part of complainant's capital stock in this state is proportionately of more value than the part elsewhere, whereas in this case it took the reverse position. The assessment of plaintiff's franchise in this state for the year 1911 made by the board amounted to $3,559,320. The assessment complained of herein amounts to $10,574,200. It was reached in this way:

The value of the part of plaintiff's capital stock in this state was fixed at............................................................. $16,625,000
Deducting the assessed value of the tangible property in this state   .6,050,800

Leaves a balance of....................................... $10,574,200

The board's record does not state the conclusions reached in making the assessment as to the matters regarding which the statute required it to reach conclusions, but only the automatic result of those conclu-

sions, to wit, that the value of plaintiff's franchise in this state was the sum of $10,574,200. It is known that it fixed the value of the part of its capital stock in this state at $16,625,000, and obtained the value at which it fixed the franchise by deducting therefrom the assessed value of the tangible property in this state only, from the notice which it gave the plaintiff of the final assessment and the affidavits of the members of the board filed herein.

The grounds of attack on the assessment are that the board, after fixing the value of the capital stock, did not first deduct the value of the entire tangible property before apportioning a part thereof to this state, that it refused·on demand to disclose to it the method by which it had fixed the value of its franchise at the sum of $10,574,200, and because thereof it was denied the·hearing contemplated by the statute, and that the assessment is in violation of the fourteenth amendment, in that it denies plaintiff the equal protection of the laws. The first ground of attack is not, and the other two are, well taken, for the reasons· set forth in my opinion in the Louisville & Nashville Railroad Company Case. But the last one invalidates it only to the extent that the value placed on the part of plaintiff's capital stock in this state exceeds the percentage at which other property in this state is assessed.

Though the second ground invalidates it entirely, there is nothing presented to me which leads me to think that the valuation of $16,625,000 placed on the part of the capital stock in this state is excessive. It is less than the mileage proportion of a possible valuation of the whole capital stock, and hence may be said to make allowance for the fact that the part elsewhere is proportionately of more value than the part in this state. If, as in the Louisville & Nashville Railroad Company Case, 70 is taken as the proper percentage at which other property in this state is assessed, the amount of the assessment on which the plaintiff should pay taxes is as follows, to wit:

| | |
|---|---:|
| 70 per cent. of $16,626,000 | $11,637,500 |
| Deduct assessed value of the tangible property | 6,050,800 |
| Leaves a balance of | $ 5,586,700 |

as the value of the franchise in this state.

| | |
|---|---:|
| Deduct amount of 1911 assessment on which taxes have been paid | 3,559,320 |
| Leaves a balance of | $ 2,027,380 |

on which payment has not been made.

The motion for a preliminary injunction is sustained, on condition that plaintiff within 30 days from this date pay the taxes, state and local, on the additional sum of $2,000,000.

The demurrer to the bill is overruled.